## Office of Disciplinary Counsel v. O'Neil

Disciplinary Board Docket nos. 212 D.B. 2003 and 46 D.B. 2004.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

CURRAN, *Member,* October 22, 2004—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On December 23, 2003, Office of Disciplinary Counsel filed a petition for discipline at no. 212 D.B. 2003 against respondent, Kenton R. O'Neil. The allegations contained in the petition concerned respondent's failure to appear for an informal admonition before Chief Disciplinary Counsel. On March 23, 2004, Office of Disciplinary Counsel filed a second petition for discipline against respondent at no. 46 D.B. 2004. The allegations contained in the petition concerned respondent's neglect of a client matter, lack of diligence and lack of communication. Respondent did not file an answer to the petitions for discipline. By Disciplinary Board order of May 7, 2004, the petitions were consolidated for disciplinary hearing.

A pre-hearing conference was held on May 12, 2004, before Carol S. Mills McCarthy, Esquire, a member of

Hearing Committee 4.15. Respondent appeared at the hearing and admitted the allegations of the petitions.

A disciplinary hearing was held on June 11, 2004, before Hearing Committee 4.15 comprised of Chair Ronald H. Heck, Esquire, and Members Joseph E. Altomare, Esquire and Carol S. Mills McCarthy, Esquire. Respondent did not appear at the hearing nor was he represented by counsel.

The Hearing Committee filed a report on August 8, 2004, finding that respondent violated the Rules of Professional Conduct as set forth in the petitions for discipline and recommending that he be suspended for a period of one year and one day.

No briefs on exception were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting of September 27, 2004.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania 17101, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, Kenton R. O'Neil, was born in 1967 and was admitted to the practice of law in Pennsylvania

in 1992. His registration address is P.O. Box 538, Seneca, Venango County, Pennsylvania 16346.

(3) By order of the Supreme Court of Pennsylvania dated December 11, 2003, effective January 10, 2004, respondent was transferred to inactive status for failure to pay his annual attorney registration fee.

(4) As of the date of the disciplinary hearing, respondent remained on inactive status.

(5) Respondent has no prior record of discipline.

(6) Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

*Charge at No. 212 D.B. 2003*

(7) In accordance with Rules 208(a)(2) and (3), Pa.R.D.E., it was determined that respondent should receive an informal admonition with conditions as a result of misconduct involving his clients Robert H. Trojan and Dorothy M. McBride.

(8) By notice dated August 20, 2003, respondent was directed to appear before Chief Disciplinary Counsel on September 30, 2003, at 10 a.m. to receive an informal admonition with conditions.

(9) Chief Disciplinary Counsel's notice further informed respondent that, with regard to the conditions, respondent was to:

(a) At least five days prior to the date set for imposition of the informal admonition, provide to Disciplinary Counsel proof that he had delivered to Mr. Trojan the documents provided by Mr. Trojan to him for represen-

tation of the estate of Helen J. Trojan, and documents which were delivered to him by Mr. Trojan for purposes of doing estate planning. Further, he was to provide proof that he had refunded to Mr. Trojan the $500 retainer paid to him for his services, which was unearned.

(b) At least five days prior to the date set for imposition of the informal admonition, provide to Disciplinary Counsel proof that he had delivered to Ms. McBride the documents provided to him for the purposes of doing estate planning for Ms. McBride, and that he had refunded to her the $600 retainer, which was unearned.

(10) Chief Disciplinary Counsel's notice to respondent also informed him that he had 20 days to demand as of right that a formal proceeding be instituted against him, and that, in the event of such a demand, he need not appear for the administration of the informal admonition.

(11) Chief Disciplinary Counsel's notice, which was sent by certified mail, return receipt requested, to respondent's registration address, was received by respondent on or about August 22, 2003.

(12) Respondent did not demand that a formal proceeding be initiated against him. Respondent is conclusively deemed to have violated the Rules of Professional Conduct set forth in Chief Disciplinary Counsel's letter of August 20, 2003.

(13) Respondent failed to appear on September 30, 2003, for his scheduled informal admonition and failed to provide proof of his compliance with the conditions.

(14) By letter dated October 1, 2003, respondent was directed by Chief Disciplinary Counsel to provide good cause within 10 days for his failure to appear on September 30, 2003.

(15) On October 28, 2003, respondent contacted the Office of Disciplinary Counsel and indicated that he had some health problems, but wished to reschedule the informal admonition.

(16) On November 7, 2003, by cover letters from respondent, petitioner received respondent's compliance with the conditions to his informal admonition.

(17) By letter from Chief Disciplinary Counsel dated November 19, 2003, sent certified and first-class mail, respondent was informed that he was to appear before Chief Disciplinary Counsel for informal admonition on December 9, 2003.

(18) Although the certified mail was returned as unclaimed, the first-class mail was not returned.

(19) Respondent never appeared for the imposition of the informal admonition on December 9, 2003.

*Charge at No. 46 D.B. 2004*

(20) In September 2001, Josephine M. Grohola attended a seminar on estate planning, given jointly by respondent and representatives of Metropolitan Life Insurance Company (Met Life).

(21) On October 12, 2001, Ms. Grohola met with respondent to discuss estate planning on her behalf, including the drafting of a living trust.

(22) On April 18, 2002, Ms. Grohola met with respondent and retained him to draft a living trust for her.

(23) Ms. Grohola paid respondent $900.

(24) Respondent had not previously represented Ms. Grohola.

(25) Respondent did not communicate to Ms. Grohola the basis or rate of his fee in writing before or within a reasonable time after commencing the representation.

(26) At the meeting on April 18, 2002, Ms. Grohola told respondent it would take her some time to collect all the information she needed for respondent to prepare the living trust.

(27) By May 12, 2003, Ms. Grohola had gathered the information for respondent.

(28) Starting on May 12, 2003, until sometime in July 2003, Ms. Grohola called respondent's office on numerous occasions, but there was no answer.

(29) On July 12, 2003, Ms. Grohola contacted Melvin Roberts, a Met Life agent, who told her he would try to contact respondent and ask that respondent call her.

(30) Mr. Roberts called respondent about 10 times. On each occasion he left a message on respondent's law office answering machine regarding Ms. Grohola.

(31) Respondent never contacted Ms. Grohola.

(32) By letter of inquiry dated October 28, 2003, Samuel F. Napoli of the Office of Disciplinary Counsel apprised respondent of the allegations of the complaint filed against him by Ms. Grohola.

(33) Respondent received the letter of inquiry by certified mail on November 5, 2003.

(34) On November 6, 2003, Mr. Napoli telephoned respondent about the Grohola complaint.

(35) Respondent represented to Mr. Napoli that he would refund to Ms. Grohola the $900 she paid him.

(36) On November 13, 2003, Mr. Napoli again telephoned respondent, who told him that he would pay Ms. Grohola $900 by that day or the end of the week, at latest.

(37) Respondent never refunded Ms. Grohola's money, nor did he communicate with her.

(38) Respondent appeared at the pre-hearing conference held on May 12, 2004.

(39) Respondent indicated he suffered from a mental disability and was under the care of a psychiatrist.

(40) The Hearing Committee gave respondent time to submit a doctor's report prior to the disciplinary hearing but he did not do so.

(41) Respondent failed to appear at the disciplinary hearing on June 11, 2004. He received proper notice of the date and time of the hearing, and stated his awareness of the date and time of the hearing to petitioner's counsel.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct:

*Charge at No. 212 D.B. 2003*

(1) Pa.R.D.E. 203(b)(2)—Willful failure to appear before Chief Disciplinary Counsel for an informal admonition is grounds for discipline.

*Charge at No. 46 D.B. 2004*

(1) R.P.C. 1.3—A lawyer shall act with reasonable diligence and promptness in representing a client.

(2) R.P.C. 1.4(a)—A lawyer shall keep a client informed about the status of a matter and promptly comply with reasonable request for information.

(3) R.P.C. 1.5(b)—When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation.

(4) R.P.C. 1.16(d)—Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned.

## IV. DISCUSSION

This matter is before the board on consolidated petitions for discipline charging respondent with professional misconduct arising out of his failure to appear for an informal admonition and his client neglect. Respondent attended the pre-hearing conference and admitted the

allegations contained in the petitions. Thereafter, respondent failed to appear at the disciplinary hearing and put forth no mitigating evidence in consideration of discipline.

Respondent's history of involvement with the disciplinary system has been marked by his lack of communication regarding the charges against him. In the charge at no. 212 D.B. 2003, respondent was scheduled to appear for an informal admonition and failed to do so. He was given an opportunity to provide good cause for his non-appearance, contacted Disciplinary Counsel and indicated his desire to reschedule. Subsequent to this contact with Disciplinary Counsel, he failed to appear for the admonition. When the petitions for discipline were filed against him regarding these allegations, he failed to file an answer. Although respondent made an appearance at the pre-hearing conference, he failed to appear at the disciplinary hearing.

At the pre-hearing conference, respondent indicated that he was suffering from mental illness and receiving treatment from a psychiatrist. Respondent was given the opportunity to submit a doctor's report concerning his condition, but he did not do so. The record from the pre-hearing conference is clear that respondent was urged by petitioner's counsel to put forth evidence of his mental illness in order that it would be considered in mitigation of discipline. No such evidence was forthcoming, and the board thus has before it a record basically devoid of any explanation by respondent for his improper behavior. The charges against respondent are relatively minor in nature. However, in light of respondent's un-

willingness or inability to participate in the process to determine the consequences of his admitted misconduct, the board recommends that respondent be suspended for one year and one day. This will ensure that the public is protected until such time as respondent affirmatively demonstrates that, whatever the cause of his difficulty, he is fit to practice law.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that the respondent, Kenton R. O'Neil, be suspended from the practice of law for a period of one year and one day.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Board Member Nordenberg did not participate in the September 27, 2004 adjudication.

## ORDER

And now, December 22, 2004, upon consideration of the report and recommendations of the Disciplinary Board dated October 22, 2004, it is hereby ordered that Kenton R. O'Neil be and he is suspended from the practice of law for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.